**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NEW MEXICO FORWARD PARTY, BOB PERLS, MICHAEL VIGIL, DENNIS DINGE, HARRY MONTOYA and FRANCES KAVA,

Plaintiffs,

v.

MAGGIE TOULOUSE OLIVER, in her official capacity as Secretary of State of New Mexico, and BARBARA DELANEY, in her official capacity as County Clerk of Luna County, New Mexico,

Defendants.

No.: 1:26-cv-02286-MIS-SCY

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

On September 2, 2026, the Court entered an Order to Show Cause, ECF No. 23 ("Order"), directing Plaintiffs to show cause "as to why Plaintiffs Montoya, Kava, and Dinge should not be dismissed from the case and as to why Plaintiffs' challenge to § 1-7-2(A) should not be dismissed." Order at 2. As set forth below, dismissal of any Plaintiff or claim at this preliminary stage of proceedings would be clear error. It is well-settled that the Court's preliminary rulings are insufficient as a matter of law to support an order of dismissal. Furthermore, even if they were legally sufficient, all Plaintiffs plainly have standing to assert their claims and none of their claims are moot. Any order of dismissal the Court might enter would therefore only necessitate an immediate appeal and result in reversal.

## I. The Court's Preliminary Rulings Cannot Serve as the Basis For a Final Adjudication on the Merits of Any Claim or Issue.

It has been settled law for at least four decades that a court may not rely on its preliminary rulings to serve as a final adjudication on the merits of any issue or claim. *See University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits.") (citations omitted). That is because such rulings are made "on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* As the 10th Circuit has recognized, a district court's preliminary rulings are "tentative in nature," *Homans v. City of Albuquerque*, 366 F.3d 900, 905 (10th Cir. 2004), and are not conclusive but amount to "predictions" about "the likely outcome on the merits…." *Fish v. Schwab*, 957 F. 3d 1105, 1140 (10th Cir. 2020). Thus, "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Camenisch*, 451 U.S. at 395 (citations omitted). They are "not even law of the case, much less res judicata in other litigation." *Community Nutrition Institute v. Block*, 749 F.2d 50, 56 (D.C. Cir. 1984) (citing *Camenisch*, 451 U.S. at 395); *see Homans*, 366 F.3d at 904-05.

In *Camenisch*, the Supreme Court reaffirmed that a district court may not make a final ruling on the merits at the preliminary injunction stage unless it follows the procedure specified by Federal Rule of Civil Procedure 65(a)(2). *See Camenisch*, 451 U.S. at 395. Under Rule 65(a)(2), a court may "order the trial of the action on the merits to be advanced and consolidated with the hearing of the application [for a preliminary injunction]." *Id.* (quoting Fed. R. Civ. P. 65(a)(2)). The Court emphasized, however, that before doing so, the court must provide the parties "clear and unambiguous notice of the court's intent to consolidate the trial and the hearing either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *Id.* (citations omitted).

Even before *Camenisch* was decided, the 10th Circuit recognized that it was "error" for a district court to make a final ruling on the merits at the preliminary stage without following the procedure specified by Rule 65(a)(2). *See Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1186-87 (10th Cir. 1975). In *Penn*, the district court held a hearing on a preliminary injunction, then denied a permanent injunction and dismissed the case "without consolidating the hearings … and without providing plaintiffs a chance to present their entire case." *Id.* at 1186. The 10th Circuit concluded the district court's "action was erroneous in several respects," including its failure to follow Rule 65(a)(2) and its failure to "give [the] parties adequate notice that the hearing is going to take this turn." *Id.* at 1187. As the Court explained:

> What is required is that the parties be given a full opportunity to present evidence in the case. At a hearing on application for a temporary injunction it is not necessary to establish to a certainty that the plaintiff is entitled to relief on the merits, but rather that his success is probable. (footnote omitted) A plaintiff putting on his case for temporary relief may hold back evidence, or, indeed, his case may not be fully developed. Thus it is important for him to know that when he puts on his evidence he is having his final 'day in court.'

*Id.* (quoting 7 J. Moore, Federal Practice, par. 65.04(4), pp. 65-66-65-67). "Absent such notice," the Court concluded, "the dismissal of the claim for permanent injunction on the basis of evidence developed at the preliminary injunction hearing is recognized by the cases to constitute error." *Id.* (citing *T.M.T. Trailer Ferry, Inc. v. Union De Tronquistas de Puerto Rico, Local 901*, 453 F.2d 1171 (1st Cir. 1971); *Securities and Exchange Commission v. Pearson*, 426 F.2d 1339 (10th Cir. 1970); *Sooner State Dairies, Inc. v. Townley's Dairy Company*, 406 F.2d 1328 (10th Cir. 1969)). The Court thus held that because the district court "did not consolidate the hearings, failed to give notice that a final hearing was to be held and considering the further fact that plaintiff made a substantial evidentiary showing, we consider the action of the court in dismissing the cause of action to have been plain error and an abuse of discretion." *Id.*

Following *Penn*, the 10th Circuit again held that a district court "committed reversible error when it sua sponte consolidated the hearing on the TRO with a trial on the merits without notice to the parties." *Northern Arapahoe Tribe v. Hodel*, 808 F. 2d 741, 752 (10th Cir. 1987). The Court reiterated that "it is generally inappropriate for a federal court to render a final judgment on the merits at the preliminary injunction stage when the court has not given the parties clear and unambiguous notice of its intent to consolidate, either before the hearing begins or at a time that will still afford them a full opportunity to present their cases." *Id.* at 753 (citations omitted). In *Hodel*, the district court "ordered consolidation the same day it denied the [plaintiffs'] claims for relief," when "[n]o discovery had been conducted," and further, it "gave no notice whatsoever to the parties of its intent to consolidate, never even indicating at the hearing that it might consider consolidation." *Id.* Because this gave the plaintiffs "no opportunity to present additional evidence or to request a continuance," the district court's action "constituted prejudicial error and an abuse of discretion." *Id.* (citation omitted). The "factfinding procedure below was inadequate to support the district court's … denial of permanent injunctive relief," the Court concluded. *Id.*

Here, the Order proposes to commit the same reversible errors the district courts committed in *Penn* and *Hodel*. Like the district court in *Penn*, this Court has not invoked Rule 65(a)(2) at all, nor has it followed the procedure that rule prescribes. *See Penn*, 528 F.2d at 1187 ("[T]he trial court not only failed to consolidate the matters, the judge stated several times that the hearing was on a preliminary injunction."); *Camenisch*, 451 U.S. at 395. And like the district court in *Hodel*, this Court did not provide the parties with notice, prior to the preliminary injunction hearing, that it intended to consolidate that hearing with a final hearing on the merits—indeed, the Court did not provide the parties with any notice whatsoever before issuing the Order. *See Hodel*, 808 F.2d at 753. Yet the Order suggests that the Court—on the basis of tentative preliminary rulings the

10th Circuit has likened to "predictions" about Plaintiffs' likelihood of success—is prepared to make final rulings on the merits that would result in the dismissal of three Plaintiffs from the case and all Plaintiffs' claims against one of the challenged statutory provisions. Such a resolution would be erroneous, and would require reversal, just as it did in *Penn* and *Hodel*.

The language of the Order itself confirms the error. The Order states that the Court has found Plaintiffs are "not substantially like[ly] to succeed on the merits in their challenge to New Mexico Statute § 1-8-2(E)"; that Plaintiffs' challenge to that provision has "likely" been rendered moot; that Plaintiff Kava "likely lacked standing"; and that Plaintiffs are "unlikely to succeed on the merits in their challenge to New Mexico Statute § 1-7-2(A) due to a lack of standing." Order at 1-2. These "predictions as to the likely outcome on the merits … do not ordinarily establish the law of the case." *Fish*, 957 F.3d at 1140 (citation omitted). As the Third Circuit has explained, a court's "decision to grant a preliminary injunction [is] based on an assessment of the *likelihood* that plaintiffs would succeed on the merits, and neither constitutes nor substitutes for an actual finding that plaintiffs *have* succeeded on the merits and are entitled to permanent relief." *Southco, Inc. v. Kanebridge Corp.*, 324 F.3d 190, 195 (3rd Cir. 2003) (emphasis original) (distinguishing between "probabilities of success" and "the ultimate issue of whether the claim has merit."). As *Camenisch* itself recognized, it is improper to "equate[] 'likelihood of success' with 'success'". *Camenisch*, 451 U.S. at 394. It is equally improper to treat a preliminary finding that Plaintiffs are unlikely to succeed as though it were an adjudication on the merits, as the Order does.

"[A]s a prudential matter, it bears remembering the obvious: that when a district court holds a hearing on a motion for preliminary injunction it is not conducting a trial on the merits." *Heideman v. South Salt Lake City*, 348 F. 3d 1182, 1188 (10th Cir. 2003). Therefore, that a party "prevailed at the preliminary injunction stage is not determinative in a summary judgment

proceeding." *City of Chanute, Kan. v. Williams Natural Gas Co.*, 955 F.2d 641, 649 (10th Cir. 1992). And likewise, "a party losing the battle on likelihood of success may nonetheless win the war at a succeeding trial on the merits." *AM Capen's Co., Inc. v. American Trading*, 202 F.3d 469, 473 (1st Cir. 2000) (citation omitted). Plaintiffs "are entitled to have their day in court" on their claims, and they have not had it yet. *Hodel*, 808 F.2d at 753. To dismiss any Plaintiff, or any of Plaintiffs' claims, at this preliminary stage of proceedings, based on tentative predictions about their likelihood of success, without prior notice, would be error that requires reversal.

**II. All Plaintiffs Have Standing to Pursue Their Claims and No Claim Is Moot.**

In addition to being legally insufficient to support dismissal of any Plaintiff or any claim, the Court's preliminary rulings cannot support dismissal for another reason. Such rulings do not deprive any Plaintiff of standing and they do not moot any claim. At most, with the passage of New Mexico's 2026 general election, Plaintiffs' request for preliminary relief relating to that election could become moot, but it is well-settled that "'the issue of preliminary injunctive relief' can become moot even though 'the case as a whole remains alive because other issues have not become moot.'" *Caddo Nation of OK v. Wichita & Affiliated Tribes*, 877 F.3d 1171, 1176 (10th Cir. 2017) (quoting *Camenisch*, 451 U.S. at 394). That is the case here.

To begin with Plaintiffs' challenge to § 1-8-2(E): that Plaintiff Kava was placed on the ballot does not moot Plaintiffs' claims challenging that provision, nor does it deprive Plaintiff Kava (or any other Plaintiff) of standing to assert their claims. Plaintiffs seek a declaratory judgment holding that § 1-8-2(E) is "unconstitutional separately and in conjunction with" the other challenged provisions, and they seek permanent injunctive relief against the enforcement of those provisions. Complaint, ECF No. 1, ¶ 91B, C. Such claims are not mooted simply because Defendants agreed not to enforce § 1-8-2(E) against Plaintiff Kava in the 2026 election cycle.

Plaintiffs seek to compete as and vote for New Mexico Forward Party ("NMFP") candidates in future elections, Compl., ECF No. 1, ¶¶ 6-11, and their claim that § 1-8-2(E) is unconstitutional as applied to them remains live. *See*, *e.g.*, *Essence, Inc. v. City of Federal Heights*, 285 F. 3d 1272, 1277 n.4 (10th Cir. 2002) (mooting of plaintiffs' claims for injunctive relief did not moot their constitutional challenge to statutes because they "retain a concrete interest in the outcome of this matter, rendering their challenge viable and not moot.") (citing *Camenisch*, 451 U.S. 390); *Thournir v. Buchanan*, 710 F.2d 1461, 1465 (10th Cir. 1983) (same); *see also Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1257 (10th Cir. 2004) (plaintiff's request for a temporary restraining order was moot because the relief sought could no longer be granted, but the case as a whole remained alive because the plaintiff sought nominal damages).

*Thournir* is directly on point. In that case, the plaintiff challenged a Colorado election law on the ground that it unconstitutionally imposed a qualification on candidates for Congress. *See Thournir*, 710 F.2d at 1465. The plaintiff moved for a preliminary injunction placing her on the ballot, which was denied, and she appealed to the 10th Circuit. *See id.* at 1462. "[I]t appears quite clear to us that any appeal of the injunction order is moot," the Court concluded, "for the simple reason that the 1982 election has come and gone." *Id*. But even though the plaintiff's claim for preliminary injunctive relief was moot, the remainder of the case was not, and the Court expressly concluded that the plaintiff was free to "litigate the matter in the district court if she so chooses." *Id.* at 1465.

This case is no different. That Plaintiff Kava will appear on New Mexico's 2026 general election ballot moots Plaintiffs' claim for preliminary injunctive relief placing her on the ballot, but it does not moot their underlying claim that § 1-8-2(E) is unconstitutional as applied separately and in combination with the other challenged provisions. Nor does it moot Plaintiffs' claim for

declaratory and permanent injunctive relief. *See Camenisch*, 451 U.S. at 394 ("This, then, is simply another instance in which one issue in a case has become moot, but the case as a whole remains alive because other issues have not become moot.") (citation omitted).

All Plaintiffs—including Plaintiffs Montoya, Kava and Dinge—also continue to have standing to assert their claims. "The standing inquiry … focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Davis v. FEC*, 554 U.S. 724, 734 (2008). To establish that stake, a plaintiff must show three elements: injury-in-fact, causation, and redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The factual support needed "to establish standing depends considerably upon whether the plaintiff is himself an object of the action. … If he is, there is ordinarily little question that the action or inaction has caused him injury...." *Lujan*, 504 U.S. at 561-62. That is the case here.

Plaintiffs challenge § 1-8-2(E) and § 1-7-2(A) as applied separately and in combination with the other challenged provisions because they are part of a statutory scheme that has heavily burdened Plaintiffs' ability to qualify NMFP and its candidates for New Mexico's general election ballot. The Secretary has defended these statutory provisions on the ground that they are necessary to avoid overcrowded ballots, among other reasons. "It is inconsistent to the point of whiplash to suggest that [Plaintiffs] are properly subject to the challenged provisions because there is a legitimate government interest in limiting their access to the ballot, but then to contend in the standing context that those same provisions are not, in fact, aimed at the very same parties." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347 (3rd Cir. 2014). Plaintiffs have standing to challenge these provisions because they regulate Plaintiffs' access to the ballot. *See id.*; *see also Lujan*, 504 U.S. at 560 n.1 (to establish standing, an injury "must affect the plaintiff in a personal and individual way."). That Plaintiffs Montoya, Kava and Dinge qualified for the ballot does not

destroy their standing, as the Order erroneously suggests. Order at 2. The challenged provisions still burden Plaintiffs in a "concrete and particularized" way, and that is enough to establish standing. *Lujan*, 504 U.S. at 560.

Furthermore, even if Plaintiffs Montoya, Kava and Dinge did not have standing to assert claims in their capacities as candidates—and they do—they would still have standing as voters, each of whom asserts an injury arising from the exclusion of NMFP's candidates from New Mexico's general election ballot. Compl., ECF No. 1, at ¶¶ 9-11. The Supreme Court has recognized that "the right to vote is heavily burdened if that vote may be cast only for one of two parties at a time when other parties are clamoring for a place on the ballot." *Williams v. Rhodes*, 393 U.S. 23, 31 (1968). That is precisely what Plaintiffs allege here, and they have standing to litigate that claim.

For the same reasons, Plaintiffs have standing to assert their claims against § 1-7-2(A) even though Plaintiff NMFP was able to comply with it. Plaintiffs, as a minor political party, its candidates and voters, are the "object" of that statute's focus, and they have alleged the requisite injury to establish their standing to challenge it. *Lujan*, 504 U.S. at 561-62. Additionally, Plaintiffs challenge § 1-7-2(A) "as applied separately and in conjunction" with the other challenged provisions. Compl., ECF No. 1, ¶¶ 84-87, 91B. The Court is therefore required to analyze the statutes "in sum rather than in isolation," giving "due consideration … to the practical effect of the election laws … viewed in their totality." *Utah Republican Party v. Cox*, 892 F.3d 1066, 1088 (10th Cir. 2018) (citations omitted). That is especially true in this case, where the gravamen of Plaintiffs' claims is that New Mexico imposes duplicative and superfluous petitioning requirements on them. The Court cannot properly analyze that claim—or adhere to the directives

in *Cox*, which is binding precedent—if it dismisses Plaintiffs' challenge to one of the requirements that contribute to the cumulative burden imposed, simply because Plaintiffs complied with it.

In sum, all Plaintiffs have standing to assert their claims and no claim is moot.

## CONCLUSION

For the foregoing reasons, there is no cause to dismiss any Plaintiff or any claim from this action based on preliminary rulings that are not binding and have no preclusive effect.

Dated: September 16, 2026

Respectfully submitted,

/s/Oliver B. Hall
Oliver B. Hall
*Pro hac vice*
D.C. Bar No. 976463
CENTER FOR COMPETITIVE DEMOCRACY
P.O. Box 21090
Washington, DC 20009
(202) 248-9294
oliverhall@competitivedemocracy.org

WESTERN AGRICULTURE, RESOURCE AND BUSINESS ADVOCATES, LLP

A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
ABDunn@ABlairDunn-Esq.com
warba.llp.jared@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2026, I caused the foregoing document to be filed using the Court's CM/ECF system, which effect service upon all counsel of record.

/s/Oliver B. Hall
Oliver B. Hall

*Attorney for Plaintiffs*