**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NEW MEXICO FORWARD PARTY; BOB PERLS; MICHAEL VIGIL; DENNIS DINGE; HARRY MONTOYA; AND FRANCES KAVA,

Plaintiffs,

v. Civ. No. 1:26-cv-02286-MIS-SCY

MAGGIE TOULOUSE OLIVER, in her official Capacity as Secretary of State of New Mexico; and BARBARA DELANEY, in her official capacity as County Clerk of Luna County, New Mexico,

Defendants.

**THE SECRETARY OF STATE'S RESPONSE TO**
**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Defendant Maggie Toulouse Oliver, as Secretary of State of New Mexico (the Secretary), respectfully submits this response pursuant to the Court's Order to Show Cause, doc. 23.

**I**
**PLAINTIFFS' CLAIMS BASED ON**
**SECTIONS 1-8-2(E) AND 1-7-2(A) ARE MOOT**

Even though the Court's order denying a preliminary injunction is not a final determination on the merits, no one disputes that the New Mexico Forward Party (NMFP) has qualified as a political party in New Mexico. This means NMFP will not need to collect signatures under N.M. Stat. Ann. § 1-7-2 again in the foreseeable future. This also means neither plaintiff Dinge, Montoya, nor Kava—or any other NMFP candidate—will be subject to N.M. Stat. Ann. § 1-8-2(E), which only applies to candidates of parties newly formed in an election year. These are not preliminary findings from the Court; they are undisputed facts alleged in plaintiffs' own complaint. Doc. 1., ¶ 32. Plaintiffs appear to agree this moots their request for preliminary injunctive relief,

but do not recognize a declaratory judgment or permanent injunction as applied to these plaintiffs would similarly accomplish nothing. *See* Doc. 1 at 24; Doc. 29 at 7. "[W]here a plaintiff seeks a declaratory judgment against his opponent, he must assert a claim for relief that, if granted, would affect the behavior of the particular parties listed in his complaint." *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) (citing *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988)); *id.* at 1026 (to be capable of repetition but evading review plaintiffs must show "there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)); *see, e.g.*, *Meadors v. Erie Cnty. Bd. of Elections*, No. 23-1054-cv, 2024 WL 3548729 (2nd Cir. 2024) (dismissing First and Fourteenth Amendment challenges to election qualification provisions as moot).

## II
## PLAINTIFFS HAVE NO CLAIM AGAINST THE SECRETARY
## FOR THE COUNTY CLERK'S APPLICATION OF SECTION 1-8-2(E)

Although plaintiffs suggest "Defendants" agreed not to enforce § 1-8-2(E), Doc. 29 at 6, the Secretary had no decision-making authority over whether to qualify plaintiffs Dinge, Montoya, or Kava. This is not to say she cannot give guidance, which is why Elections Director Mandy Vigil testified about how the Secretary "treated" these circumstances, but only the proper filing officer can determine if a candidate is qualified. *See* N.M. Stat. Ann. § 1-8-4; Mandy Vigil Declaration, Doc. 13-1, ¶ 19. Because each of those candidates are running for local office, their filing officer is the county clerk in their respective counties. *See* N.M. Stat. Ann. § 1-1-5.9. Plaintiffs know this since they sued Barbara Delaney, the county clerk who initially refused to qualify Kava. Doc. 1, ¶ 52. The Secretary did not make that decision, nor can she, *see id.*; Mandy Vigil Declaration, 10th

Cir. Doc. 5-2, ¶ 5, and so claims targeting the enforcement of § 1-8-2(E) against Dinge, Montoya, and Kava do not lie against her and should be dismissed.[1]

Dated: September 30, 2026.

Respectfully submitted,

BARDACKE ALLISON MILLER LLP

By: */s/ Justin Miller*

Justin Miller
Michael Woods
141 E. Palace Avenue
Santa Fe, NM 87501
505-995-8000
justin@bardackeallison.com
michael@bardackeallison.com

*Counsel for Defendant Maggie Toulouse Oliver, in her official capacity as Secretary of State of New Mexico*

[1] Plaintiffs are not clear about which claims target which defendant, but they generally request an injunction against the Secretary and County Clerk "from enforcing the challenged provisions" and for an award of "litigation costs and attorneys' fees." Doc. 1 at 24.

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be filed through the Court's CM/ECF system, which caused all parties and counsel entitled to receive notice to be served electronically as more fully described on the Notice of Electronic Filing.

BARDACKE ALLISON MILLER LLP

By: *_/s/ Justin Miller_*
Justin Miller